IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KOMLANVI EDOH, | } | |
| TDCJ-CID No. 1359404, | } | |
|     Petitioner, | } | |
| v. | } | CIVIL ACTION H-09-1080 |
| RICK THALER,[1] | } | |
|     Respondent. | } | |

OPINION ON DISMISSAL

Petitioner Komlanvi Edoh, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his felony conviction for sexual assault. (Docket Entry No.1). Respondent has filed a motion for summary judgment. (Docket Entry No.4). Petitioner has filed a response to the motion. (Docket Entry No.11). After considering all of the pleadings and the entire record, the Court will grant respondent's motion for summary judgment and dismiss this habeas petition.

I. BACKGROUND AND PROCEDURAL HISTORY

A jury in the 176th Criminal District Court of Harris County, Texas, convicted petitioner of sexual assault in cause number 1015271, and sentenced him to eleven years confinement in TDCJ-CID. *Edoh v. State*, No.01-06-00295-CR, Clerk's Record, page 125. Petitioner complained on direct appeal that the evidence was legally and factually insufficient to support the conviction. *Edoh v. State*, 245 S.W.3d 606 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The state intermediate appellate court, however, affirmed the conviction and petitioner did not seek discretionary review. *Id.*

---

[1] Rick Thaler has replaced Nathaniel Quarterman as the Director of the Texas Department of Justice-Correctional Institutions Division. Accordingly, Thaler is automatically substituted as a party. FED. R. CIV. P. 25(d)(1).

Petitioner sought state habeas relief from the conviction on grounds that he was denied the effective assistance of counsel at trial because his appointed counsel did not (a) investigate information concerning the DNA results; (b) object during the guilt-innocence phase of trial to extraneous offense testimony about other sexual assaults; (c) seek a limiting instruction on extraneous offense testimony; (d) investigate the findings of Child Protective Services; and (e) request an interpreter. *Ex parte Edoh*, Application No.1015271-A, pages 2-16. In a supplemental application, petitioner complained that his trial counsel did not pursue a plea bargain with the State. *Id.*, Objections/Findings. The state district court, sitting as a habeas court, recommended that relief be denied. *Id.*, pages 44-47. The Texas Court of Criminal Appeals denied the application with a written order. *Id.* at action taken page. The Texas Court of Criminal Appeals stated in its Order of March 25, 2009, that "[b]ased on the trial court's findings of fact and our own independent review of the record, we conclude that Applicant's claims are without merit." *Ex parte Edoh*, Application No.WR-71,454-01.

Petitioner seeks federal habeas relief from this conviction on the same grounds that he raised in his state habeas application. (Docket Entry No.1). Respondent moves for summary judgment on grounds that petitioner has failed to meet his burden of proof under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that his claims fail on the merits. (Docket Entry No.4).

## II. DISCUSSION

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The moving party bears the

initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000). In this case, petitioner presented claims in a petition for discretionary review and a state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order. As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)). Therefore, only those claims properly raised by petitioner in his state habeas application have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) holds that this Court shall not grant relief unless the state court's adjudication:

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness." *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)). Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers")).

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts

in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.* Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 2254 Cases in District Courts). Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, petitioner must establish that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 692). The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

Counsel's performance is deficient when the representation falls below an objective standard of reasonableness. *Ogan*, 297 F.3d at 360. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *West v. Johnson,* 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993). Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 687-90. A deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if no actual prejudice is demonstrated.

Counsel's deficient performance results in actual prejudice when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to

6

undermine confidence in the outcome." *Id.* Confidence in the outcome of the trial is undermined when counsel's deficient performance renders "the result of the trial unreliable or the proceeding fundamentally unfair." *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Pratt*, 142 F.3d at 232 (quoting *Lockhart*, 506 U.S. at 372).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001). Because petitioner's ineffective-assistance claims were previously considered and rejected on state habeas corpus review, the state court's decision on those claims will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

### A. DNA Testing

Petitioner claims that his trial counsel was ineffective because he did not investigate and pursue additional DNA testing (Docket Entry No.1). Petitioner complains that in light of the well-publicized travails of the City of Houston Crime Lab, his counsel should have subpoenaed the work record of the laboratory that conducted the DNA testing. (Docket Entries No.1, No.11).

Petitioner's trial counsel, Robert A. Jones, attested by affidavit in state habeas proceedings that because of the unfavorable DNA test results by the Medical Examiners Office, an independent DNA test was conducted before trial. *Ex parte Edoh*, Application No.1015271-A, page 30. The independent DNA test was more in depth that the State's test and "contained more markers as to Mr. Edoh not being excluded as the father of the complainant's child." *Id.*

Jones attached a copy of both test results to his affidavit. *Id.*, pages 33-37. The state habeas court found the affidavit credible. *Id.* at 45. Based on the record and Jones's affidavit, the state habeas courts found that petitioner failed to show that he had been denied the effective assistance of counsel at trial. *Id.*

Although petitioner complains about many of the problems with the City of Houston crime lab and DNA testing in his response to the motion for summary judgment (Docket Entry No.11), he presents nothing to overcome the findings of the state courts and nothing to overcome the presumption that his trial counsel rendered constitutionally effective assistance.

### B. Extraneous Offense Evidence

Petitioner complains that his trial counsel failed to object to complainant's testimony that petitioner sexually assaulted her on more than one occasion and that he failed to request a limiting instruction on extraneous offense testimony. (Docket Entry No.1). Trial counsel Jones attested that his opening statement and the objections during the guilt-innocence phase of trial supported a defensive strategy that there was no physical or corroborative evidence of other assaults and that such allegations evolved around discipline. *Ex parte Edoh*, Application No.1015271-A, page 30. Jones attested that his strategy was to cast doubt on the scientific evidence by showing that complainant "was not a truth teller and prone to exaggeration, and that the real reason for claiming that Mr. Edoh was the father, was to enable her to leave home." *Id.*, page 31. Jones attested that a limiting instruction on extraneous conduct would have separated the testimony from the sexual assault DNA portion of the State's case and he wanted the jury to consider it all together to find reasonable doubt as to guilt. *Id.* The state habeas court found

such attestations credible and Jones's conduct to constitute effective assistance of counsel. *Id.*, page 45.

The record shows that when complainant alluded to other possible sexual assaults, Attorney Jones objected and the state district court sustained such objection. *Edoh v. State*, No.01-06-00295-CR, Reporter's Record, Volume 3, pages 17-18. The record also shows that Attorney Jones vigorously cross-examined complainant about her strained relationship with her father and challenged petitioner's paternity in the cross-examination of the State's expert Michael Leach. *Id.*, pages 22-34; 50-82. The Fifth Circuit has recognized, repeatedly, that a "'conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.'" *Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008) (quoting *Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004)). Petitioner has not shown that counsel's failure to request a limiting instruction fell outside the scope of permissible trial strategy. Further, he presents nothing to contravene the trial record and the state habeas courts' finding that counsel rendered reasonably effective assistance of counsel.

## C. Children's Protective Services

Petitioner maintains that Attorney Jones did not pursue the findings of and investigation conducted by the Children's Protective Services ("CPS"), which would have contradicted complainant's testimony. (Docket Entry No.1). Jones attested to the following with respect to the CPS investigation:

> The Child Protective Service Investigation dealt with whether the complainant had been sexually assaulted and/or had engaged in sex with her father or someone else. The next area of inquiry was whether the other children were in danger if allowed to remain in the residence. The investigation concluded that the complainant was no longer living in the

>residence and the paternity of her child could only be determined once the child was born. Mr. Edoh's contention at the time was that a DNA test would be [sic] exclude him as a possible parent. A determination that the complainant had been victim of a sexual assault had not been reached. There was a determination by Child Protective Service that there had been no allegations of abuse as to the other children residing in the home and those children were ultimately returned to the home.
>
>The Child Protective Service Investigation was not beneficial in discrediting the Complainant, as the DNA test was not concluded at the time the investigation was terminated.

*Ex parte Edoh*, Application No.1015271-A, pages 31-32.

The state habeas courts found Jones's attestation to be credible and that petitioner failed to demonstrate that Jones did not investigate the CPS report. *Id.*, page 46. Petitioner presents nothing to contravene the state habeas courts' findings.

### D. Interpreter

Petitioner complains that his trial counsel failed to request an interpreter to assist him at trial even though it was apparent that petitioner had great difficulty understanding what was taking place at trial. (Docket Entry No.1). Jones attested that he did not request an interpreter for petitioner at trial because petitioner indicated that he did not need one and that petitioner's answers to all questions were responsive and appropriate. *Ex parte Edoh*, Application No.1015271-A, page 32. In support of such attestation, Jones attached a coherent statement prepared by petitioner and written in English, in which petitioner recites his personal history, his relationship with complainant and the events leading up to and including his arrest. *Id.*, pages 38-41. The state habeas court found Jones's affidavit credible and his representation to be reasonable effective assistance of counsel. *Id.* at 46.

The record supports the state habeas courts' findings and petitioner presents nothing to contravene such findings or the record.

### E. Plea Bargain

Finally, petitioner contends he was denied the effective assistance of counsel because his trial counsel did not pursue a plea bargain but instead opted to go to trial for his own financial gain. (Docket Entry No.1). The record does not show, and petitioner presents no evidence to show, that the State ever extended a plea offer or that Attorney Jones ever attempted plea discussions. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Petitioner's claim is conclusory and therefore, subject to dismissal.

Based on the foregoing, the Court finds nothing unreasonable in the state court's application of clearly established federal law or the state court's determination of facts in light of the evidence. Respondent is entitled to summary judgment on petitioner's claims of ineffective assistance of counsel.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record of the state habeas proceeding, the Court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.4) is GRANTED.

2. Petitioner's petition for federal habeas relief is DENIED.

3. A certificate of appealability is DENIED.

4. All other pending motions, if any, are DENIED.

5. This habeas action is DISMISSED with prejudice.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 7th day of December, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE